IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY DAVID GIBSON,

        Petitioner,                No. CIV S-06-1403 LKK EFB P

    vs.

M. KRAMER, Warden,

        Respondent.             FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 6, 2006, respondent filed a motion to dismiss this action on the ground that the court lacks subject-matter jurisdiction because the petition does not raise any federal claims. Petitioner filed a traverse and opposition to the motion to dismiss on November 6, 2006.

        Petitioner's sole claim in his petition is that the California Department of Corrections and Rehabilitation violated his due process rights by revoking a 20% conduct credit toward his Minimum Eligible Parole Date.

        Respondent moves to dismiss the petition, arguing that petitioner's claim is predicated on state law and, as such, there is no basis for federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In its decision in *Estelle v. McGuire*, the United States Supreme Court

1  held that "it is not the province of a federal habeas court to reexamine state-court determinations
2  on state-law questions. In conducting habeas review, a federal court is limited to deciding
3  whether a conviction violated the Constitution, laws, or treaties of the United States." 502 U.S.
4  at 68 (*citing* 28 U.S.C. § 2241); *Rose v. Hodges*, 423 U.S. 19, 21. Here, the sole issue raised by
5  petitioner concerns the appropriate credit toward his parole eligibility date. The determination of
6  a claim concerning the application of good time credits to a sentence is a question of state law.
7  *Tunstall v. Carey*, 2006 WL 3801516 (E.D. Cal. 2006). A federal habeas petitioner "may not
8  transform a state-law issue into a federal one merely by asserting a violation of due process."
9  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' September 6, 2006, motion to dismiss be granted;

2. The petition be dismissed for lack of subject-matter jurisdiction; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE